UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANCIS MANDEWAH,
    Plaintiff,

v.                                                  Case No. 07C0410

WISCONSIN DEPARTMENT OF CORRECTIONS,
MATTHEW J. FRANK, RICHARD RAEMISCH,
ROBERT GRUSNICK, JOHN WERNER,
and TERRANCE SCHEMENAUER,
    Defendants.

## DECISION AND ORDER

### I. BACKGROUND

Plaintiff Francis Mandewah, a probation and parole agent ("agent"), brings this action against his employer, the Wisconsin Department of Corrections ("DOC") and a number of DOC officials, alleging that they discriminated against him based on his race (African-American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. §§ 1981a and 1983. Plaintiff also alleges that the DOC retaliated against him in violation of Title VII. Defendants now move for a change of venue to the Western District of Wisconsin.[1] The allegations relevant to defendants' motion may be summarized as follows: In 2001, plaintiff became a DOC agent working in the Milwaukee office. In 2003, he transferred to the DOC office in Hayward. He incurred discrimination in Hayward and as a result, in 2005, transferred to the DOC office in Balsam

---

[1] Plaintiff also moved for appointment of counsel. Since then, however, attorney Kurt Kobelt has appeared in this matter as counsel for plaintiff. Thus, I will deny this motion as moot.

Lake. He incurred discrimination in Balsam Lake and as a result, in 2006 transferred to the Milwaukee office. Since then, the DOC has carried out several unjustified investigations of his conduct.

## II. DISCUSSION

Venue concerns the appropriate district court in which an action may be filed. Pacer Global Logistics, Inc. v. Nat'l Passenger R.R. Corp., 272 F. Supp. 2d 784 (E.D. Wis. 2003). The proper venue of an action is generally determined by federal venue statutes of which there are two types, special venue provisions and 28 U.S.C. § 1391, the general venue statute. Special venue provisions are typically attached to statutes creating substantive rights and control claims brought under such statutes. Section 2000e-5(f)(3) is a special venue statute, which governs Title VII claims and claims brought under statutes without special venue provisions where, as here, such claims are joined with a Title VII claim. Pacer Global Logistics, Inc., 272 F. Supp. 2d at 790-91.

Section 2000e-5(f)(3) authorizes a Title VII plaintiff to bring an action "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." In the present case, the alleged unlawful employment practice occurred in Wisconsin. Therefore, venue is proper in both this district and in the Western District of Wisconsin.

Where venue is proper in the original district, I analyze a motion to transfer venue under 28 U.S.C. § 1404(a).[2] Under § 1404(a), I must consider "the convenience of parties and witnesses" and "the interest of justice." The party requesting a transfer must establish

---

[2]Section 2000e-5(f)(3) addresses where an employment discrimination action "may be brought". Section 1404(a) governs when a district court "may transfer" such an action.

that the proposed transferee forum is clearly more appropriate than the original forum. Coffey v. VanDorn Iron Works, 796 F.2d 217, 220, 221 (7th Cir. 1986). I view the § 1404(a) factors as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case. Id. The convenience factor is a placeholder for private interest considerations, and the interest of justice factor is a placeholder for public interest considerations. See Wayne Pigment Corp. v. Halox, 220 F. Supp. 2d 931, 936 (E.D. Wis. 2002). Private interest considerations include plaintiff's choice of forum, the convenience of the parties and witnesses relative to their residences, the situs of operative events and the location of relevant records. Public interest considerations include judicial economy, familiarity with the applicable law and the expeditious administration of justice. Id.

In the present case, defendants have not satisfied their burden of establishing that a change of venue is appropriate. Evaluating the private interest considerations first, I give some weight to plaintiff's having brought the action in this forum. In addition, plaintiff resides in this district. Thus, it is clearly more convenient for plaintiff to litigate the case in the present forum. A majority, although not all, of the operative events occurred in the Western District, which weighs in favor of transfer. The DOC's main office is in the Western District, but the DOC also has a large office in Milwaukee, and the lion's share of its clients are in Milwaukee. The other defendants reside in the Western District, but they are DOC employees and could easily appear in this district if their presence is required. The parties are the principal witnesses, thus, I need not separately analyze the convenience of witnesses factor. The location of records has little significance in the

3

present case. Thus, the private interest considerations probably weigh slightly in plaintiff's favor or are evenly balanced.

The public interest considerations weigh in plaintiff's favor. Judicial economy favors keeping the case in this district because I am already familiar with it, and the other factors do not tip the scales in either direction. The judges in both districts are equally familiar with the applicable law. Additionally, regardless of statistics, I can process the case as expeditiously as the Western District. My own practice is to give parties considerable input concerning scheduling, continuances and the pace of litigation; while I often find that parties do not want their cases on a "rocket-docket," if either or both of the parties in this case wish, I will resolve the case very quickly. Judges in this district have lower than average caseloads, thus there is no cause for concern about overburdening the court. Thus, the interest in the expeditious administration of justice does not favor transfer.

Therefore, for the reasons stated,

**IT IS ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot.

**IT IS FURTHER ORDERED** that defendants' motion for change of venue is **DENIED.**

Dated at Milwaukee, Wisconsin this 6 day of December, 2007.

/s
LYNN ADELMAN
District Judge

4

Case 2:07-cv-00410-LA   Filed 12/06/07   Page 4 of 4   Document 25