UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**FRANCIS MANDEWAH,**
         **Plaintiff,**

    v.                                                Case No. 07C0410

**WISCONSIN DEPARTMENT OF CORRECTIONS,
MATTHEW J. FRANK, RICHARD RAEMISCH,
ROBERT GRUSNICK, JOHN WERNER,
and TERRANCE SCHEMENAUER,**
         **Defendants.**

## ORDER

     Before me now is defendants' motion to strike plaintiff's response to defendants' motion for summary judgment as untimely. In support of its motion, defendants state that they filed their motion for summary judgment on January 9, 2009 through this district's electronic case filing system. By Civil L.R. 7.1, plaintiff had 30 days to respond to the summary judgment motion; however, according to the Electronic Case Filing Procedural Order for the Eastern District of Wisconsin, as amended on Dec. 1, 2007, service by electronic means through the ECF system is treated the same as service by mail, in accordance with Fed. R. Civ. P. 6(d).[1] Rule 6(d) provides that, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." This provision applies to service by electronic means as well as service by mail. Thus, while

---

    [1] The ECF Procedural Order actually cites to Fed. R. Civ. P. 6(e); however, Rule 6(e) has now been renumbered as Rule 6(d), although substantively it remains unchanged.

plaintiff had 30 days to respond to the motion for summary judgment, pursuant to Rule 6(d), an additional three days is added after that 30-day period would otherwise expire.

Defendants assert that these rules applied together required that plaintiff's response be filed by February 11, 2009, and therefore plaintiff's response, filed on February 12, 2009, was untimely. However, defendants' application of the rules is incorrect. Rule 6(d) requires that three days be added on <u>after the period would otherwise expire under Rule 6(a)</u>. Rule 6(a)(3), in turn, states that when the last day of a period would fall on a Saturday, Sunday or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday or legal holiday. In this case, the last day of the 30-day period for plaintiff's response fell on a Sunday, February 8, 2009. As such, the period was extended until Monday, February 9, 2009. And, following Rule 6(d), three days were added after the period expired on February 9, 2009, which would extend the filing deadline until February 12, 2009. See Fed. R. Civ. P. 6, Advisory Committee Notes to the 2005 Amendments. As such, plaintiff's response is timely, and I will therefore deny defendants' motion to strike the response.

**IT IS THEREFORE ORDERED** that defendants' motion to strike is **DENIED.**

Dated at Milwaukee, Wisconsin this day of February, 2009.

                                                LYNN ADELMAN
                                                District Judge